IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02298-GPG

DOUGLAS TRENT BURNS,

    Applicant,

v.

BRANDON SHAFFER, and
RAMONA KLINE,

    Respondents.

## ORDER OF DISMISSAL

Applicant Douglas Trent Burns initiated this action while he was detained at the Jefferson County Detention Facility, by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1. Applicant challenges the "Parole Authorities" failure to conduct a timely parole revocation hearing in violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. ECF No. 1 at 6. Applicant requests that the revocation proceeding be declared unconstitutional and void and he be released from jail.

In the October 17, 2015 Order to File Preliminary Response, Magistrate Judge Gordon P. Gallagher directed Respondents to address the affirmative defenses of timeliness and or exhaustion of state court remedies. Respondents submitted a Preliminary Response on November 6, 2015, informed the Court that Applicant no longer is detained, and argued that since Applicant has been released from custody there no

1

longer is an actual controversy regarding the parole revocation.  *See* ECF No. 10. Applicant did not reply to the Response within the time allowed.

Magistrate Judge Gallagher then issued an Order to Show Cause on December 4, 2015, and directed Applicant to respond and show cause why this action should not be dismissed as moot.  ECF No. 11.  The Order to Show Cause was returned to the Court on December 18, 2015, in an envelope marked, "NOT IN CUSTODY," and "Return to Sender Not Deliverable as Addressed Unable to Forward."  *See* ECF No. 12.  The Court must construe the Application liberally because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court does not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

Under Article III of the Constitution, federal courts may only adjudicate live controversies.  *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009).  "A case or controversy must remain alive throughout the litigation, including on appellate review."  *See Navani v. Shahani*, 496 F.3d 1121, 1127 (10th Cir. 2007).  Furthermore, like standing, mootness is a threshold inquiry, *Green v. Haskell County Board of Com'rs*, 568 F. 3d 784, 794 (10th Cir. 2009), and a "court must determine whether a case is moot before proceeding to the merits," *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000).

"If during the pendency of the case, circumstances change such that the [applicant's] legally cognizable interest in a case is extinguished, the case is moot, and

dismissal may be required."  *Kan. Judicial Review v. Stout*, 562 F.3d 1240, 1245 (10th Cir. 2009); *see also Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (A case is moot and an appeal must be dismissed when an event occurs during the pendency of the action that "makes it impossible for the court to grant any effectual relief whatever to a prevailing party." (internal quotation marks omitted))  "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."  *Church of Scientology,* 506 U.S. at 12 (internal quotation marks omitted).

Respondents assert that Applicant was arrested August 27, 2014, and detained at the Jefferson County Jail on new criminal charges and a no-bond parole hold.  ECF No. 10 at 2.  Applicant does not counter Respondents assertion.  Respondents further assert that on October 22, 2015, the new criminal charges were dismissed, and subsequently on October 23, 2015, Applicant was released from jail.  *Id.*

Applicant is not challenging the illegality of the new criminal charges that were dismissed.  The controversy is the parole board's decision not to hold a revocation hearing while new charges were pending.  It, therefore, is clear that Applicant's claim challenging the revocation of his parole is moot.  Once Applicant was released from custody on October 23, 2015, *see* ECF No. 10-1 at 1, he no longer had a redressable injury arising from the revocation of his parole.  *See e.g., Vandenberg v. Rodgers*, 801 F.2d 377, 378 (10th Cir. 1986) (per curiam) (dismissing appeal as moot because the petition challenged only determinations that delayed defendant's parole date and he already had been released on parole).

As a result, "the best this court could do for him would be to declare [in an advisory opinion] that he spent longer in [jail] than he should have," which is not enough to satisfy Article III. *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012); *see also Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (stating that the federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").

Applicant could avoid dismissal of his claim challenging the parole proceedings as moot by establishing the existence of continuing collateral consequences as a result of the revocation of parole. *See Spencer*, 523 U.S. at 7-8.   However, Applicant does not demonstrate any collateral consequences resulting from the delayed parole revocation proceedings that would overcome a finding of mootness, and no such collateral consequences are apparent.

The fact that Applicant's parole may again be revoked if he violates the law upon his release from confinement "does not constitute a sufficient collateral consequence to defeat mootness."   *See United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). Applicant, therefore, fails to present a case or controversy for purposes of Article III with respect to his claim challenging the revocation of his parole, and thus his Application will be dismissed for lack of subject matter jurisdiction.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file

a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the 28 U.S.C. § 2241 Application is denied and the action is dismissed without prejudice for the reasons stated in this Order.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.   It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling.   See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

DATED at Denver, Colorado, this   19th   day of     January     , 2016.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court